IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| TONIA COLVIN, | ) | |
| | ) | |
| Plaintiff, | ) | **NOTICE OF REMOVAL** |
| | ) | |
| v. | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., and DAVID POSTON | ) ) | Civil Action No.: |
| | ) | |
| Defendants. | ) | |

**TO:   The United States District Court for the District of South Carolina, Beaufort Division**

The defendants, CSX Transportation, Inc. (hereinafter "CSXT") and David Poston, file this notice of removal pursuant to 28 U.S.C. § 1441, thereby removing this case from the Court of Common Pleas, Hampton County, South Carolina, to the United States District Court for the District of South Carolina. In support of this notice of removal, defendants state as follows:

1.   CSXT and Poston are parties to a civil action brought against them in the Court of Common Pleas of Hampton County titled <u>Tonia Colvin, Plaintiff, v. CSX Transportation, Inc. and David Poston, Defendants</u>, C.A. No. 07-CP-25-040, which action was commenced by the filing of a summons and complaint on January 17, 2007. As discussed further below, removal is proper pursuant to both federal question and diversity of citizenship jurisdiction. See 28 U.S.C. §§ 1331, 1332, 1441(a).

2.   Defendant CSXT's registered agent was served on January 24, 2007, and defendant Poston was served on January 22, 2007. Both defendants are represented in this litigation by the undersigned attorney of record and join in this removal petition. Because this

1

notice of removal is being filed within thirty days of service of the summons and complaint upon the first-served defendant, it is timely under 28 U.S.C. § 1446(b). A true and correct copy of all process, pleadings, documents served on defendants is attached hereto as Exhibit A.

3.  This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between all properly joined parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff has failed to state a legally sufficient claim against the putative non-diverse individual defendant, David Poston. Accordingly, Poston has been fraudulently joined, and this Court possesses subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332 and 1441. Additionally, and independent from that basis for subject matter jurisdiction in this Court, the case at bar could have originally been filed in this Court pursuant to 28 U.S.C. § 1331 because, as explained below, plaintiff's claims require resolution of issues premised on the application of federal law and regulations. Accordingly, federal issues are actually in dispute, are substantial, and the exercise of jurisdiction by this Court is consistent with congressional judgment about the sound division of labor between the state and federal courts. Moreover, at least one of plaintiff's claims is completely preempted by federal law, and therefore provides a foundation for the exercise of this Court's federal question jurisdiction. Thus, removal is proper under 28 U.S.C. §§ 1331 and 1441.

### I.  Complete Diversity of Citizenship Exists Between the Properly Joined Parties

4.  Upon information and belief, plaintiff Tonia Colvin is, and was at the time of the institution of this civil action, a resident and citizen of the State of South Carolina.

5.  CSXT is, and was at the time of the institution of this civil action, a corporation incorporated and existing under the laws of the State of Virginia, having its principal place of

2

business in Jacksonville, Florida. As a result, CSXT is not now, and was not at the time of the institution of this civil action, a citizen of the State of South Carolina.

6. Poston is, and was at the time of the institution of this litigation, a resident and citizen of State of South Carolina; however, Poston has been fraudulently joined to this action and, consequently, his citizenship should be disregarded for purposes of evaluating the Court's subject matter jurisdiction.

## II. Defendant Poston Has Been Fraudulent Joined

7. As the Fourth Circuit has explained, "[t]o show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232-33 (4th Cir. 1993)). Defendants do not assert that there is outright fraud in the plaintiff's pleading of jurisdictional facts; however, defendants maintain there exists no reasonable possibility that plaintiff can establish a cause of action against Poston in State court. Notably, with respect to the "no possibility" standard in the fraudulent joinder context, federal courts have rejected the suggestion that "any mere theoretical possibility of recovery under local law . . . suffices to preclude removal." Travis v. Irby, 326 F.3d 644, 648 (5th Cir. 2003). Rather, federal circuit and district courts have recognized that the standard is more correctly described as requiring a showing that there is *no reasonable basis* for predicating liability against the fraudulently joined defendant. See, e.g., id. at 648. Although plaintiff attempts to state claims against defendant Poston, the alleged "roadmaster employed by CSXT responsible for the Hill Street Crossing," there is no reasonable basis or possibility that plaintiff can establish a cause of action against Poston under South Carolina law.

3

8.     As emphasized in decisions construing and applying South Carolina law, claims alleging mere nonfeasance or omission against a resident defendant, including generic failure to inspect claims alleged against a managerial or supervisory employee of a corporate defendant, are insufficient to render the resident defendant liable to third parties. E.g., Norwood v. Carolina Power & Light Co., 74 F. Supp. 483, 485 (E.D.S.C. 1947) (quoting Davis v. St. Louis & S.F. Ry. Co., 8 F. Supp. 519, 520 (Okl. 1934)). Here, plaintiff's allegations that defendant Poston failed to inspect the crossing and/or remedy hazardous conditions purportedly present at the crossing are inadequate to state a viable claim against Poston. As a consequence, Poston is a fraudulently joined defendant whose citizenship must be disregarded for purposes of evaluating the Court's subject matter jurisdiction under 28 U.S.C. § 1332.

9.     By the same token, "[a]n essential element in a cause of action for negligence is the existence of a legal duty owed by the defendant to the plaintiff. Without a duty, there is no actionable negligence." Doe v. Batson, 548 S.E.2d 854, 857 (S.C. 2001) (citing Bishop v. South Carolina Dept. of Mental Health, 502 S.E.2d 78, 81 (S.C. 1998)). While plaintiff in the case at bar alleges that defendant Poston "had the duty to inspect CSXT's railroad crossings . . . [and] also had the duty to remove and remedy dangerous and hazardous conditions," South Carolina law establishes that Poston's legal obligations were owed to his employer, not to third parties. E.g., Norwood, 74 F. Supp. at 485-86. Poston did not owe plaintiff a duty; a fortiori Poston did not breach any duty which he owed to plaintiff. Consequently, plaintiff's allegations of negligence against Poston fail.

10.    In addition, the Fourth Circuit Court of Appeals and district courts located throughout the country have recognized a defendant's fraudulent joinder where "there is no real intention to get a joint judgment," AIDS Counseling And Testing Ctrs. v. Group W Television, Inc., 903 F.2d 1000, 1003 (4th Cir. 1990) (brackets showing alteration omitted); see also Linnin

4

v. Michielsens, 372 F. Supp. 2d 811, 818 (E.D. Va. 2005), and there is no real intention by the plaintiff in the case at bar to pursue a joint judgment against both CSXT and its roadmaster, David Poston. In fact, plaintiff alleges in her complaint, and defendants do not dispute, that at all times in question Poston was acting within the scope of his employment; as such, CSXT is the party that will ultimately pay any judgment awarded to plaintiff in this case. Plaintiff apparently maintains that both defendants are jointly and severally liable, yet "[i]t is clear that the individual[] need not be joined for plaintiff to obtain a complete remedy." Alexander v. Electronic Data Sys. Corp., 870 F. Supp. 749, 752 (E.D. Mich. 1994). "Joinder is a sham if the plaintiff has no real intention to obtain a joint judgment." Scientific Computers, Inc. v. Edudata Corp., 596 F. Supp. 1290, 1292 (D. Minn. 1984). Because plaintiff joined Poston only for the purpose of keeping this case in State court, plaintiff does not intend to pursue a joint judgment against both CSXT and Poston; on that basis, the Court should recognize that Poston has been fraudulently joined.

### III.    The Requisite Amount In Controversy Is Present

11.    Plaintiff's complaint alleges that, as a result of the collision between the vehicle she was driving and CSXT's train, she "sustained serious, severe, and permanent injuries to her back and other parts of her body"; that her injuries "were of such a nature as to require her to expend money for doctor's care and other medical necessities"; that her income has been diminished"; and that "at all times since the happening of the accident [she] has suffered and will continue to suffer pain and mental anguish." Plaintiff's complaint seeks recovery for both compensatory and punitive damages. Although the complaint does not specify a monetary demand, there is no question in light of plaintiff's allegations that the requisite amount in controversy has been met. Therefore, this Court possesses subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332.

### IV.     Federal Question Jurisdiction Exists

12.     Independent from the above analysis of the Court's diversity jurisdiction, the case *sub judice* could have originally been filed in this Court pursuant to this Court's federal question jurisdiction. 28 U.S.C. § 1331. Plaintiff alleges, among other things, that defendants were negligent "[i]n allowing trees and other vegetation to grow near the crossing in such a manner as to obstruct the traveling public's view" of approaching trains. This contention (to say nothing of other claims on which plaintiff relies) requires the interpretation and application federal statutes and regulations. These federal law issues bear significantly on plaintiff's claims and are in dispute in this case, and while defendants recognize that not every federal defense gives rise to federal question jurisdiction, the exercise of the Court's jurisdiction in this case containing substantial questions of federal law is consistent with the paradigm of federalism embraced by the United States Supreme Court and the Fourth Circuit Court of Appeals. See, e.g., Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 316-20, 125 S. Ct. 2363, 2369-70 (2005) (holding that federal question jurisdiction exists notwithstanding the fact that Congress did not provide a private right of action in the federal statute forming the basis of the substantial federal question); see also Ormet Corp. v. Ohio Power Co., 98 F.3d 799 (4th Cir. 1996) (holding that where the resolution of a federal issue in a state law cause of action could, because of different approaches and inconsistency, undermine the stability of a federal statutory regime, the need for uniformity becomes a substantial federal interest, justifying the exercise of jurisdiction by federal courts).

13.     Further, at least one of plaintiff's claims triggers application of the complete preemption doctrine and thus provides a foundation for the exercise of this Court's federal question jurisdiction. As explained by the Supreme Court, "[a]llied as an 'independent corollary' to the well-pleaded complaint rule is the further principle that 'a plaintiff may not

6

defeat removal by omitting to plead necessary federal questions.' If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint. The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." Rivet v. Regions Bank of La., 522 U.S. 470, 475-76, 118 S. Ct. 921, 925 (1998) (citations omitted). Here, plaintiff's vegetation claim addressed in the immediately preceding paragraph is preempted by federal regulations. 49 C.F.R. § 213.37; Easterwood v. CSX Transportation, Inc., 933 F.2d 1548, 1554 (11th Cir. 1991), aff'd, 507 U.S. 658, 113 S. Ct. 1732 (1993); Bowman v. Norfolk S. Ry. Co., 832 F. Supp. 1014, 1020-21 (D.S.C. 1993), aff'd, 66 F.3d 315 (4th Cir. 1995) (unpublished table disposition). Because at least one of plaintiff's claims in this case is completely preempted by the Federal Railroad Safety Act and regulations enacted pursuant to that federal legislation, the case *sub judice* may be removed to federal court on federal question grounds, and the Court may exercise supplemental jurisdiction over any remaining claims. See 28 U.S.C. § 1367. Accordingly, this case is properly removable under 28 U.S.C. §§ 1331 and 1441.

## V.     The Remaining Removal Prerequisites Have Been Satisfied

14.    A copy of this notice of removal is being filed with the clerk of the Court of Common Pleas, Hampton County, South Carolina, as provided by law, and a copy of this notice and its attachments are being served upon all counsel of record.

7

WHEREFORE, defendants pray that this case be removed to the United States District Court for District of South Carolina and that the Court dismiss defendant Poston as a fraudulently joined defendant.

Respectfully submitted this 20th day of February, 2007.

/s/ MARK C. WILBY
Mark C. Wilby
Attorney for Defendant
SC Dist. Ct. No. 5152
Attorney for Defendants

OF COUNSEL:
FULCHER HAGLER LLP
POST OFFICE BOX 1477
AUGUSTA, GA 30903-1477
Phone: (706) 724-0171
Facsimile: (706) 396-3621
E-mail address: mwilby@fulcherlaw.com